UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
MOHAMMED KEITA,

                      Plaintiff,

            -against-

CITIBANK, N.A., CAPITAL ONE BANK, BANK
OF AMERICA, TD BANK, AND J.P. MORGAN
CHASE BANK,

                    Defendants.
------------------------------------------------------------- X

MEMORANDUM & ORDER

17-cv-1320 (ENV) (ST)

VITALIANO, D.J.

On October 26, 2017, the Court dismissed *pro se* plaintiff Mohammed Keita's initial complaint in this action under 28 U.S.C. § 1915(e)(2)(B)(ii), but gave him leave to file an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure, that is, to file a short, plain statement that plausibly alleged facts showing that he had a valid claim. He then filed, on December 13, 2017, a one page amended complaint against defendants Citibank, Capital One Bank ("Capital"),[1] Bank of America ("BOA"), TD Bank, and J.P. Morgan Chase Bank ("Chase"). *In forma pauperis* status once again is granted but solely for the purposes of this order, and, for the reasons that follow, Keita's amended complaint is dismissed.

## Background

To begin, though the total number of cases Keita has filed is a distressing number, suffice it to say that Keita is a frequent litigant in this district. The Court has dismissed *sua sponte* virtually every suit that Keita has filed. This abbreviated effort, purportedly brought in diversity,

---

[1] The Clerk of Court is directed to amend the caption to reflect the name of this defendant to read "Capital One Bank."

1

broadly contends that the "defendants function as a bank under the jurisdiction of the Comtroller [sic] of Currency." Dkt. No. 10 at 1. In a form so condensed that it would make Reader's Digest blush, he charges that the defendant banks wrongfully colluded to manipulate him, and engaged in "desperate" banking practices out of neglect and "illegal securitization." Dkt. No. 10 at 1, ¶ 2. This, he complains, caused him financial harm, by denying him access to over-draft protection under the Fair Banking Law; denying him access to "United States Treasury Direct accounts[;]" causing unauthorized debits in bank accounts that caused checks to bounce; unnecessary check system reporting; and derogatory credit scores. *Id.*

## Discussion[2]

Incredibly, especially for a frequent filer like him, the bare-bones allegations of Keita's amended complaint regarding the alleged wrongful acts perpetrated by defendants Citibank, BOA, Capital One, TD Bank, and Chase not only fall well short of what Rule 8 requires in a statement of claim, but, indeed, offers less in factual plausibility than his initial complaint. In dismissing that first complaint, Keita was expressly advised the amended complaint needed to plead facts sufficient to allow each "defendant to have a fair understanding of what [he] is complaining about and to know whether there is a legal basis for recovery"—a privilege that Keita's complaint utterly fails to afford any of the defendants. *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991); *see Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the

---

[2] Ordinarily, the Court would describe the standards it relied upon to test the legal sufficiency of the complaint. But, the Court has repeatedly advised the plaintiff of the requirements of plausible pleading, the need to make a short, plain statement of his claim, and of what is required of his pleading as one filed *in forma pauperis*. Keita has, as he has again here, just as repeatedly ignored them. There is no point to setting forth these review standards yet again. *See Keita v. AISG*, 17-cv-879, slip op., August 5, 2018, at 2, n 1.

application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial." (citation omitted)). Keita's attempted statement of claims against the defendants is "so confused, ambiguous, vague or otherwise unintelligible that [their] true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Neither solicitude nor anything said in the complaint or amended complaint suggest that a further opportunity to amend is appropriate. *See Terry v. Incorporated Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016). Leave to amend will, accordingly, be denied.

## Conclusion

In line with the foregoing, plaintiff's complaint is dismissed in its entirety and with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). To the extent the amended complaint also seeks to raise state law claims, pursuant to 28 U.S.C. § 1367(c)(3), the exercise of supplemental jurisdiction over any pendent state law claims is declined. Any state law claims are dismissed without prejudice to their re-filing in a state court of appropriate jurisdiction.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to mail a copy of this memorandum and order to plaintiff, to enter judgment accordingly, and to close this case for administrative purposes.

So Ordered.

Dated: Brooklyn, New York
       August 5, 2018

/s/ Hon. Eric N. Vitaliano, U.S.D.J.
ERIC N. VITALIANO
United States District Judge